IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMERICAN INSURANCE MARKETING
CORPORATION, et al.          :

   v.                        : Civil Action No. DKC 13-0560

5 STAR LIFE INSURANCE COMPANY :

**MEMORANDUM OPINION**

Presently pending and ready for review in this breach of contract case is the motion to dismiss for improper venue filed by Defendant 5 Star Life Insurance Company ("5 Star"). (ECF No. 10). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be denied.

**I. Background**

This breach of contract case arises out of a series of relationships and events involving the sale of life insurance policies to Native Americans who belong to the First Nations Tribe. According to the complaint (ECF No. 2), Plaintiff American Insurance Marketing Corporation ("AIM") is an insurance brokerage company organized under Maryland law with its principal place of business in Maryland. Plaintiff Brent J. Spyksma is a general insurance agent and a resident of Iowa. 5

Star is a life insurance company that maintains its principal place of business in Virginia.

The complaint alleges that, in February 2008, Spyksma and 5 Star entered into a Sales Representative Agreement ("the 2008 SR Agreement").[1]  Pursuant to the 2008 SR Agreement, Spyksma agreed to procure insurance applications on behalf of 5 Star.  In exchange, 5 Star agreed to pay Spyksma commissions, calculated based on a percentage of premiums paid for policies that Spyksma procured.  At some unspecified point in time, the ZWG Trust – an irrevocable trust that holds assets for the benefit of the First Nations Tribe – purportedly engaged the services of Spyksma and AIM to procure life insurance policies for Tribe members.  AIM and Spyksma then approached 5 Star about underwriting and issuing the life insurance policies.

The complaint alleges that, "by letters dated May 10, 2012, and May 17, 2012," 5 Star agreed to underwrite applications for up to 5,000 members of the First Nations Tribe.  Based on this agreement, the ZWG Trust, Spyksma, and AIM began soliciting and accepting life insurance applications from First Nations Tribe members.  The complaint also asserts that "5 Star issued a Case Information Worksheet for the Trust confirming that AIM was to

---

[1] Although the 2008 SR Agreement is not attached to the complaint, Plaintiffs submit an unauthenticated copy in connection with 5 Star's motion to dismiss.  (ECF No. 12-2).

2

receive 85% of the commissions payable associated with the policies issued to the Trust and Spyksma was to receive 15%." (*Id.* ¶ 11). 5 Star ultimately issued 1,097 policies to members of the First Nations Tribe, which were delivered on July 31 and August 22, 2012. Then, on September 26, 2012, 5 Star allegedly rescinded all 1,097 of the policies, without justification, and returned the premium payments. Plaintiffs allege that 5 Star has never paid them any commissions for the rescinded policies.

On December 10, 2012, AIM and Spyksma filed a complaint against 5 Star in the Circuit Court for Calvert County, Maryland, asserting three breach of contract claims. (ECF No. 2). On February 20, 2013, 5 Star removed the action to this court. (ECF No. 1). The notice of removal asserts that there is federal diversity jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332(a).[2] The notice also states that venue is proper pursuant to 28 U.S.C. § 1441(a) because the Southern Division of the United States District Court for the District of Maryland is the federal judicial district embracing the Circuit Court for Calvert County, Maryland (*i.e.*, where Plaintiffs originally filed suit). (*Id.* ¶¶ 3-4).

---

[2] In its notice of removal, 5 Star states that, in addition to being a citizen of Virginia (as is alleged in the complaint), it is also a citizen of Louisiana, the state under whose laws it is incorporated. (ECF No. 2 ¶ 10).

One week later, 5 Star filed a motion to dismiss for improper venue pursuant to Fed.R.Civ.P. 12(b)(3). (ECF No. 10). 5 Star argues that this action must be dismissed because of a mandatory forum selection clause contained in a contract entered into between 5 Star and AIM on July 30, 2012 ("the 2012 Producer Contract"). The clause in question provides as follows:

> 18. **CONSTRUCTION, MODIFICATION, AND VENUE**
> This contract shall be governed by and construed in accordance with the laws of the state of Virginia . . . Any suit arising out of this contract shall be instituted in Fairfax County, Virginia and tried under Virginia law.

(ECF No. 10-3, at 3). 5 Star acknowledges that the complaint does not mention the 2012 Producer Contract, but nonetheless contends that it is the operative agreement and, indeed, the only agreement that could possibly entitle AIM to commissions from 5 Star. (ECF No. 10-1, at 3-4, 9). 5 Star also asserts that, although Spyksma is not a signatory to the 2012 Producer Contract, he is still subject to its forum selection clause because "he was very closely related to AIM" in placing the policies with 5 Star. (*Id.* at 8). Finally, 5 Star argues that it did not waive its right to rely on the forum selection clause by removing this action to federal court. (*Id.* at 10).

In their opposition, Plaintiffs do not question the validity or enforceability of the forum selection clause contained in the 2012 Producer Contract. (ECF No. 12-1).

4

Rather, Plaintiffs contest the applicability of the clause, arguing that the 2012 Producer Contract is not the contract at issue here. Plaintiffs offer a number of unauthenticated exhibits purporting to show that all 1,097 life insurance policies purchased by members of the First Nations Tribe (1) "were . . . issued under [the 2008 SR Agreement]"; (2) "listed [Mr. Spyksma] as the insurance agent"; and (3) had an effective date of July 1, 2012 – *i.e.*, before the 2012 Producer Contract even existed. (*See* ECF Nos. 12-4 through 12-7). Thus, according to Plaintiffs, the 2008 SR Agreement is the applicable contract, and venue is proper because that contract does not contain a forum selection clause.

In its reply, 5 Star questions Plaintiffs' position that all 1,097 policies were issued under the 2008 SR Agreement and through Spyksma, individually. (ECF No. 14). 5 Star submits its own collection of unauthenticated exhibits purporting to establish AIM's extensive role in procuring the policies. (*See* ECF Nos. 14-1 through 14-20). 5 Star insists that, when all of the events at issue are viewed together, this action "falls within the ambit" of the 2012 Producer Contract and is subject to its mandatory forum selection clause.

## II. Standard of Review

A motion to dismiss based on a contractual forum selection clause is properly analyzed as a motion to dismiss for improper

5

venue pursuant to Fed.R.Civ.P. 12(b)(3). *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006) (deciding that – as between Rule 12(b)(1), Rule 12(b)(3), and Rule 12(b)(6) – Rule 12(b)(3) is the best procedural mechanism for analyzing forum selection clauses). Unlike a Rule 12(b)(6) motion, evidence outside the pleadings may be "freely consider[ed]" in ruling on a Rule 12(b)(3) motion. *Id.* All reasonable inferences must still be drawn in the light most favorable to the plaintiff. *CoStar Realty Info., Inc. v. Field*, 612 F.Supp.2d 660, 672 (D.Md. 2009). Moreover, where no evidentiary hearing is held, a plaintiff need only make "a *prima facie* showing of proper venue in order to survive a motion to dismiss." *Aggarao v. MOL Ship Mgt. Co., Ltd.*, 675 F.3d 355, 366 (4th Cir. 2012) (citing *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004)).

**III. Analysis**

Although the parties devote the bulk of their briefs to discussing the events that led to this lawsuit, 5 Star's motion ultimately turns on an issue mentioned only in passing – namely, that a defendant who has properly removed an action from state to federal court pursuant to 28 U.S.C. § 1441(a) cannot seek dismissal for improper venue pursuant to Rule 12(b)(3) based on a contractual forum selection clause.

Ordinarily, proper venue for actions filed in federal district courts is governed by 28 U.S.C. § 1391.[3] When venue is improper under § 1391, the district court must dismiss the action or, "if it be in the interest of justice," transfer the action "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also Benton v. England*, 222 F.Supp.2d 728, 731 (D.Md. 2002) (explaining that where a plaintiff lays venue incorrectly, "it is within the discretion

---

[3] Section 1391, the general venue statute, provides that a civil action founded solely on diversity of citizenship may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The "residency" of a natural person who is a permanent United States resident is "the judicial district in which that person is domiciled," whereas the residence of an entity that is named as a defendant includes "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(1)-(2).

7

of this court, pursuant to 28 U.S.C. § 1406(a), either to dismiss the claims or to transfer them if it would be in the interest of justice to do so").[4]

When an action is removed from state court to federal court, however, venue is governed exclusively by the federal removal statute, 28 U.S.C. § 1441(a). As explained by the United States Supreme Court, "Section 1441(a) expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'" *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) (quoting 28 U.S.C. § 1441(a)); *see also Hollis v. Fla. State Univ.*, 259 F.3d 1295, 1299 (11th Cir. 2001) ("by requiring removal to the district court for the district in which the state action is pending," Section 1441(a) "properly fixes the federal venue in that district"). Thus, 28 U.S.C. § 1391 "has no application" to actions that are removed; rather, the only question that must be answered to determine the propriety of venue is whether removal was effectuated to the district court "for the district and division embracing the place" where the suit was filed originally. *Polizzi*, 345 U.S. at 665-66 (because the action was

---

[4] By contrast, where venue is proper, 28 U.S.C. § 1404(a) *permits* a district court to transfer a civil action to any other district where it might have been brought "[f]or the convenience of the parties and witnesses" and "in the interests of justice."

8

filed in the Circuit Court for Dade County, Florida, and was removed to the United States District Court for the Southern District of Florida – *i.e.*, the district "embracing" Dade County – venue was proper pursuant to § 1441(a) and there was no need to address where the corporate defendant "resided" for purposes of § 1391); *see also Lynch v. Vanderhoef Builders*, 228 F.Supp.2d 644, 645 (D.Md. 2002) (because "[t]here is no question that this Court embraces the Circuit Court of Cecil County, Maryland, . . . venue is proper pursuant to 28 U.S.C. § 1441(a)"); *Hollis*, 259 F.3d at 1300 (observing that § 1441(a) establishes federal venue in the district where the state action was pending "as a matter of law," even if venue would be "improper under state law when the action was originally filed").

Because, under *Polizzi*, federal venue is proper when a case has been removed to federal court in accordance with § 1441(a), a defendant's post-removal Rule 12(b)(3) motion to dismiss for improper venue must be denied, including where the motion is premised on a contractual forum selection clause. *See MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1224484, at *4 & n.7 (D.Md. Mar. 26, 2013) (denying a Rule 12(b)(3) motion based on a forum selection clause following the defendant's voluntary and proper removal); *Three M. Enters., Inc. v. Tex. D.A.R. Enters., Inc.*, 368 F.Supp.2d 450, 456 (D.Md. 2005) (denying the defendant's post-removal Rule 12(b)(3) motion

based on a forum selection clause because the Northern Division of the District of Maryland "plainly embraces" the Circuit Court for Baltimore County, Maryland, and thus "venue is proper in this Court as a matter of law") (internal quotation marks omitted); *Dan Dill, Inc. v. Ashley Furniture Indus., Inc.*, No. 07-cv-111, 2008 WL 3287255, at *1-2 (W.D.N.C. Aug. 7, 2008) (denying the defendant's post-removal Rule 12(b)(3) motion premised on a forum selection clause "[b]ecause § 1441(a) only allows one possible venue for removal").[5]

---

[5] For the same reason, post-removal motions to transfer pursuant to § 1406(a) are also unavailing because that statute contemplates transfer only where venue is *improper*. Where the defendant argues that a forum selection clause requires the action to be brought in a different federal court, it may still seek a post-removal discretionary transfer pursuant to § 1404(a). *See Three M. Enters.*, 368 F.Supp.2d at 456 (denying the defendant's alternative request to transfer pursuant to § 1406(a) because "[i]f a district court is the appropriate forum for venue purposes under Section 1441, then a subsequent transfer to another federal district court must be based upon Section 1404(a) rather than on Section 1406(a)") (internal quotation marks omitted) (alteration in original); *Kerobo v. Sw. Clean Fuels Corp.*, 285 F.3d 531, 534 (6th Cir. 2002) (reversing a district court's Rule 12(b)(3) dismissal of a properly removed action and holding that, because venue was proper upon removal per § 1441(a), the forum selection clause at issue could be enforced only through a motion for a discretionary transfer of venue pursuant to 28 U.S.C. § 1404(a)); *Palmetto Bank v. BankFirst*, No. 08-cv-4072-GRA, 2009 WL 212417, at *1 (D.S.C. Jan. 28, 2009) ("After a defendant removes a case, he may not argue the venue is inappropriate [based on a forum selection clause]. However, he may argue, and the court may address a transfer pursuant to 28 U.S.C. § 1404(a)."). By contrast, where (as here) a defendant contends that a contractual provision requires the case to be litigated in a state court, there is no basis for making an alternative request to transfer pursuant to

Some courts question whether *Polizzi* applies where a defendant, after removal, seeks dismissal pursuant to a contractual forum selection clause.  Most notably, the First Circuit has observed that "a different issue is presented" when a defendant challenges venue based on a contractual provision as opposed to the requirements of § 1391, because "a valid forum selection clause operates to render the venue improper, not only under § 1391, *but also* under § 1441(a)."  *Lambert v. Kysar*, 983 F.2d 1110, 1113 n.2 (1st Cir. 1993) (emphasis added); *see also, e.g.*, *Cross Roads R.V. Ctr., Inc. v. Textron Fin. Corp.*, 609

---

§ 1404(a), which does not permit transfer to a state court.  In such circumstances, the only action that a federal district court may take is to deny the defendant's Rule 12(b)(3) motion to dismiss for improper venue.  *See Kerobo*, 285 F.3d at 534 (explaining that proper removal pursuant to § 1441(a) requires denial of a Rule 12(b)(3) motion to dismiss); *id.* at 539-40 (Bertelsman, J., dissenting) (observing that the majority opinion in *Kerobo* requires denial of a motion to dismiss even where there is no related motion to transfer pending because "the forum selection clause requires a forum in a foreign country or state court" and transfer is not available).

Although this discrepancy may seem incongruous, it is significant that, in considering whether to transfer pursuant to § 1404(a), "the existence of a valid forum selection clause is not dispositive as the decision to transfer is within the court's discretion and must be based on an 'individualized, case-by-case consideration of convenience and fairness.'" *Tuckman-Barbee*, 2013 WL 1224484, at *5 (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) and ultimately denying the motion to transfer).  Thus, a defendant who removes an action to federal court pursuant to § 1441(a) will always run the risk of losing its ability to enforce a contractual forum clause, regardless of whether that clause designates a federal, state, or foreign court as the proper forum.

F.Supp.2d 151, 152-53 (D.Mass. 2009) (relying on *Lambert* to hold that, despite removing the action pursuant to § 1441, the defendant could still seek dismissal based on a forum selection clause); *Assetworks, Inc. v. City of Cincinnati*, No. 02-0351-FB, 2003 WL 25463096, at *5-*8 (W.D.Tex. Mar. 31, 2003) (holding that, although venue was "arguably proper" pursuant to § 1441(a) and *Polizzi*, it was appropriate under the circumstances of the case to consider the defendant's post-removal Rule 12(b)(3) motion to dismiss based on a forum selection clause "that did not provide for any federal court forum"); *Tokio Marine & Fire Ins. Co., Ltd. v. Nippon Express U.S.A. (Ill.), Inc.*, 118 F.Supp.2d 997, 999 (C.D.Cal. 2000) (distinguishing *Polizzi* and its progeny as not involving forum selection clauses and observing that "defendants often challenge venue based on forum selection clauses even after removal") (citing *Spradlin v. Lear Siegler Mgmt. Servs. Co., Inc.*, 926 F.2d 865, 868–69 (9th Cir. 1991)).[6]

---

[6] The two cases relied on by 5 Star (*see* ECF No. 10-1, at 10) focus solely on whether the defendants had waived their right to object to venue by not timely raising the forum selection clause issue and did not specifically address the effect that § 1441(a) has on venue. *See Kilgallen v. Network Solutions*, 99 F.Supp.2d 125, 129 (D.Mass. 2000) (holding that the defendant was not required to raise its forum selection clause defense in its notice of removal and entertaining the defendant's motion to dismiss for improper venue or, in the alternative, to transfer); *Torres v. SOH Distrib. Co., Inc.*, No. 10-cv-179, 2010 WL 1959248, at *3 n.3 (E.D.Va. May 13, 2010)

The United States Court of Appeals for the Fourth Circuit has not squarely addressed this split of authority. *See Tuckman-Barbee*, 2013 WL 1224484, at *4 & n.7. The Fourth Circuit has, however, held that a defendant's attempt to enforce a forum selection clause is properly treated as an improper venue defense under Rule 12(b)(3) rather than as an issue affecting the court's subject matter jurisdiction under Rule 12(b)(1) or the merits of a plaintiff's claim under Rule 12(b)(6). *See Sucampo*, 471 F.3d at 548-50. In light of the Fourth Circuit's view of forum selection clauses, and in the absence of controlling precedent to the contrary,[7] the approach adopted by Judge Bennett in *Three M. Enterprises* and *Tuckman-Barbee* will be used here.

As 5 Star acknowledges (*see* ECF No. 1 ¶ 4), the Southern Division of the District of Maryland "embraces" the Circuit Court for Calvert County, Maryland, meaning that venue is proper

---

("quickly discard[ing]" the plaintiff's argument that the defendant had waived its right to enforce the forum selection clause by removing to federal court with a single citation to *Kilgallen*).

[7] On at least one occasion, the Fourth Circuit has – in an unpublished, *per curiam* opinion – affirmed a district court's Rule 12(b)(3) dismissal of a removed action based on a forum selection clause, without discussing the effect that § 1441(a) has on venue. *See Tuckman-Barbee*, 2013 WL 1224484, at *4 & n.7 (summarizing *Baker v. Adidas Am., Inc.*, 335 F.App'x 356, 361 (4th Cir. 2009)). As Judge Bennett observed in *Tuckman-Barbee*, the unpublished opinion in *Adidas* is not binding precedent.

as a matter of law pursuant to Section 1441(a) and *Polizzi*. Accordingly, 5 Star's Rule 12(b)(3) motion to dismiss for improper venue based on the forum selection clause in the 2012 Producer Contract must be denied.[8]

**IV. Conclusion**

For the foregoing reasons, the motion to dismiss for improper venue filed by Defendant 5 Star Life Insurance Company will be denied. A separate Order will follow.

>         /s/
> DEBORAH K. CHASANOW
> United States District Judge

---

[8] Because 5 Star has not requested transfer to another federal district court (and, indeed, appears to contend that transfer is not possible because venue would not be proper in *any* federal district court pursuant to the 2012 Producer Contract), the propriety of such a transfer need not, and will not, be considered.